PROB 12C
(7/93)

# United States District Court
## for the
## District of Alaska

Petition for Warrant or Summons for Offender Under Supervised Release

RECEIVED
MAR 0 3 2008
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

Name of Offender: Darrell Wayne Davis    Case Number: 3:04-CR-0070-08-RRB

Sentencing Judicial Officer:    Ralph R. Beistline, U.S. District Court Judge

Date of Original Sentence:    September 15, 2005

Original Offense:    Conspiracy In Relation to Cocaine and Cocaine Base Trafficking in violation of 21 U.S.C. §§ 846 & 841(b)(1)(A)&(C)

Original Sentence:    60 months imprisonment with 5 years supervised release

Date Supervision Commenced:    September 27, 2007

Asst. U.S. Attorney: Stephan Collins    Defense Attorney: Lance Wells

## PETITIONING THE COURT

[X]   To issue a warrant
[ ]   To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall refrain from the unlawful use of controlled substances and shall submit to one drug test within 15 days of release on supervision and at least two periodic drug tests thereafter, not to exceed 12 tests per month, at the discretion of the probation officer," in that on February 26, 2008, the defendant failed to report for scheduled urinalysis testing.  This violation is a Grade C violation. |
| 2 | The defendant has violated the Special Condition of Supervision "In addition to submitting to drug testing in accordance with the Violent Crime Control and Law Enforcement Act of 1994, at the discretion of the probation officer, the defendant shall participate in a program approved by the United States Probation Office for substance abuse treatment, which program shall include counseling and/or testing to determine whether the defendant has reverted to the use of drugs or alcohol," in that on February 12, 2008 and February 28, 2008, the defendant failed to attend scheduled substance abuse assessments with the Salvation Army Clithroe Center.  This violation is a Grade C violation. |

Petition for Warrant or Summons
Name of Offender      :    Darrell Wayne Davis
Case Number           :    3:04-CR-0070-08-RRB

| | |
|---|---|
| 3 | The defendant has violated the Standard Condition of Supervision 6, "The defendant shall notify the probation officer at least ten days prior to any change of residence or employment," in that on February 28, 2008, it was reported by the defendant's employer, that he has not reported to his employer since February 15, 2008, and the defendant has not notified his probation officer of this change in employment. This violation is a Grade C violation. |
| 4 | The defendant has violated the Standard Condition of Supervision 6, "The defendant shall notify the probation officer at least ten days prior to any change of residence or employment," in that on February 28, 2008, it was reported by the manager and the housekeeper, at the defendant's residence, that the defendant has not been seen at the residence for approximately two weeks, and the defendant has not notified his probation officer of this change in residence. |
| 5 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on January 25, 2008, the defendant submitted a urine sample that tested positive for cocaine. This violation is a Grade C violation |
| 6 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on October 17, 2007, the defendant submitted a urine sample that tested positive for cocaine. This violation is a Grade C violation |

Respectfully submitted,

**REDACTED SIGNATURE**

Chris Liedike
U.S. Probation/Pretrial Services Officer
Date: February 29, 2008

Approved by:

**REDACTED SIGNATURE**

Eric D. Odegard
Supervising U.S. Probation Officer

*Petition for Warrant or Summons*
*Name of Offender      :      Darrell Wayne Davis*
*Case Number           :      3:04-CR-0070-08-RRB*

## THE COURT ORDERS

[ ✓ ]  *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender.  The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s).  The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.*

[ ]  The issuance of a summons.  The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s).  The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]  Other:

**REDACTED SIGNATURE**

Ralph R. Beistline
U.S. District Court Judge

2/29/08
Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge.  Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
for the
# DISTRICT OF ALASKA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
|  | ) | Case Number: 3:04-CR-0070-08-RRB |
| vs. | ) | DECLARATION IN SUPPORT OF PETITION |
| **DARRELL WAYNE DAVIS** | ) | |

I, Chris Liedike, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Darrell Wayne Davis, and in that capacity declare as follows:

On February 9, 2005, the defendant appeared with counsel before the Honorable Ralph R. Beistline, U.S. District Court Judge, and pled guilty to Conspiracy In Relation to Cocaine and Cocaine Base Trafficking in violation of 21 U.S.C. §§ 846 & 841(b)(1)(A)& (C), a Class B felony.

On September 15, 2005, the defendant was sentenced to 60 months imprisonment and five years supervised release.

The defendant's supervised release commenced on September 27, 2007, and on this date, the defendant met with a U.S. Probation Officer and reviewed the defendant's conditions of supervised release.

On October 17, 2007, the defendant reported to the U.S. Probation/Pretrial Services Office as scheduled and provided a urine sample, specimen number B00727432, that tested positive for cocaine. The defendant reported to this officer that he and a friend had gone out and had been consuming tequila and stopped by an unknown individual's residence where there was a party. The defendant further reported that he had consumed a lot of tequila and fell asleep and did not remember using any controlled substances. The urine sample was sent to Kroll Laboratory and they confirmed that the sample was positive for Benzoylecgonine-Cocaine Metabolite.

On October 23, 2007, this officer contacted the defendant at his reported residence, and the defendant reported that he spoke with a couple of individuals who were at the party, and they informed him that he was smoking crack cocaine that night.

On January 25, 2008, the defendant reported to the U.S. Probation/Pretrial Services Office as

scheduled and provided a urine sample, specimen number B01248738, that tested positive for cocaine and marijuana. The defendant reported to this officer that on January 21, 2008, he was horny so he went out and purchased cocaine and met with a female that he knew from before. The defendant further reported that they used cocaine together. The defendant signed an Admission of Drug Use to the use of powder cocaine on January 21, 2008. The defendant was informed by this officer that he will be scheduled for a substance abuse assessment with the Salvation Army Clithroe Center (SACC).

On February 12, 2008, this officer received information from SACC that the defendant failed to report to his scheduled substance abuse treatment assessment. The defendant had also reported to this officer that he missed his assessment and that he has a new assessment date of February 28, 2008.

On February 15, 2008, the defendant failed to report to the U.S. Probation/Pretrial Services Office for a scheduled drug test.

On February 26, 2008, the defendant failed to report to the U.S. Probation/Pretrial Services Office for a scheduled drug test.

On February 27, 2008, this officer left a message on the defendant's cell phone instructing him to report to the U.S. Probation/Pretrial Services Office the next day in the morning due to failing to report for his scheduled drug test the previous day.

On February 28, 2008, this officer received information from SACC that the defendant failed to report to his scheduled substance abuse treatment assessment. This officer left a message on the defendant's cell phone instructing him to report to the U.S. Probation/Pretrial Services Office the next day by 8:30 a.m.

This officer called and spoke with a manager at the defendant's employment. The manager stated that the defendant last worked on February 14, 2008, and the defendant called in ill on February 15, 2008, and they have not heard from the defendant since.

This officer and a fellow officer contacted the manager of the defendant's residence, and he reported that they have not seen the defendant for approximately two weeks. The manager checked with the housekeeper who reported the same.

This officer and a fellow officer attempted to contact a known friend of the defendant, and he stated that he has not seen or spoke to the defendant for approximately three weeks.

Executed this 29th day of February, 2008, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

REDACTED SIGNATURE
Chris Liedike
U.S. Probation Officer